IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | Criminal No: 1:14cr391 |
| v.                              ) | |
| ) | Judge O'Grady |
| SHATAVIA BUCHANAN               ) | |
| ) | Sentencing:  April 17, 2015 |
| Defendant.             ) | |

POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING FACTORS

In accordance with Title 18, United States Code, Section 3553(a), Rule 32 of the Federal Rules of Criminal Procedure, and Section 6A1.2 of the United States Sentencing Commission, Guidelines Manual (Nov. 2007) ("U.S.S.G." or "Guidelines"), the United States of America files this Position with Respect to Sentencing Factors in the instant case.

Guideline Calculations

The United States has reviewed the Presentence Report (PSR) and the computations of the United States Probation Office (USPO).  The United States agrees that the computations and calculations were correctly made.  The United States agrees that the adjusted offense level is 15.  The defendant timely accepted responsibility for her criminal conduct by entering a plea of guilty and should receive a two level reduction in offense level, pursuant to U.S.S.G. § 3E1.1(a).  The total offense level is 13.  The defendant is a criminal history category I.  The resulting applicable guidelines range is 12 to 18 months.

<u>The Defendant's Background</u>

The defendant's husband began obtaining thousands of counterfeit $100 bills from a co-conspirator in New York beginning around 2011. The U.S. Secret Service identified this particular counterfeit $100 bill as being of a very high-quality and one of the most prolific counterfeit notes in its history, causing millions of dollars in loss to countless individuals and businesses.

The defendant often drove with her husband to New York to purchase the counterfeit money. Upon their return home, the defendant and her husband uttered the counterfeit money at various retail stores in Virginia and Maryland, including Wal-Mart, Sam's Club and Loan Max. The defendant and her husband purchased and uttered at least $30,000 but not more than $70,000 in counterfeit $100 bills and obtained genuine goods, paid off debts or received genuine U.S. currency in exchange for the counterfeit.

In 2010 through her participation in this counterfeit conspiracy, the defendant was gainfully employed by the Federal Reserve Board as a complaints specialist earning approximately $60,000 per year. The defendant's husband was also gainfully employed during the conspiracy. Nonetheless, the couple accumulated a significant amount of debt over the years, including a 2006 Mercedes-Benz, and declared bankruptcy in 2010.

In January 2013, the defendant was stopped and questioned at Wal-Mart in Stafford, Virginia, by a store employee who suspected the defendant had used a counterfeit $100 to pay for her purchase. The employee notified the Stafford County Sheriff's Office who questioned her. The defendant denied knowing it was counterfeit and was allowed to leave the store. Later, the store, the defendant and her husband threw their remaining counterfeit currency away. On February 7, 2013, local law enforcement and the U.S. Secret Service executed a state search

2

warrant at the defendant's home to try to find the counterfeit currency but there was none there. The defendant admitted to the U.S. Service that she and her husband passed the counterfeit currency at stores and she identified their supplier as Tarell Johnson from New York.  In 2013, the defendant was terminated from her job at the Federal Reserve.

### Restitution and Forfeiture

The defendant agreed to restititution to the retailers where she passed counterfeit currency and to forfeiture as part of the plea agreement int his case.  The  parties have a signed resttituion order to submit to the court at sentencing.

### The Imposition of Sentence

According to Section 3553(a), a sentencing court must to consider the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public.

Counterfeiting is a serious offense causing economic loss to others.  For example, it enables the passer to to obtain goods and services for free, or to obtain genuine money in exchange for the fake money.  In addition, the widespread use of counterfeit bills de-values U.S. currency as it causes both consumers and businesses alike to question the validity of genuine currency in circulation.

In this case, the defendant purchased and uttered tens of thousands of dollars in counterfeit notes to merchants in the Eastern District of Virginia for an extended period of time without detection causing economic harm to a number of businesses.  However, upon being approached by law enforcement, the defendant ceased her involvement in counterfeiting and clearly accepted responsibility for her criminal conduct.  The

government also used the defendant's information as part of the probable cause in a number of affidavits used to obtain court orders, search and arrest warrants. Finally, the defendant has taken steps to correct her criminal conduct by agreeing to pay restitution to some of the victims who have been identified in this case.

Applying these sentencing factors to this case demonstrates that a sentence of supervised relase is not greater than necessary to meet the goals of § 3553. To avoid an unwarranted disparity from other similarly situated defendants who were primarily consumers or passers of the counterfeit, the United States asks that the Court depart downward from the sentencing guidelines in this case and impose a sentence of three years of probation. In addition, the United States asks the Court to order the defendant to disclose to her employer the fact of her conviction as she is currently employed in the financial sector.

Respectfully submitted,

DANA J. BOENTE
United States Attorney

\_/s/_____
Kimberly Riley Pedersen
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: 703-299-3700
Kimberly.Riley.Pedersen@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on this 10th day of April 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to counsel of record.

          /s/
Kimberly Riley Pedersen
Assistant United States Attorney
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:  (703) 299-3700
Fax:  (703) 837-8242
Kimberly.Riley.Pedersen@usdoj.gov